1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOICE LENG and TONY BROWN,

                Plaintiffs,

                v.

BOEING EMPLOYEE'S CREDIT UNION,

                Defendant.

No. C10-1984RSL

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

      This matter comes before the Court on defendant Boeing Employee's Credit Union's Motion to Dismiss Plaintiffs' Verified Complaint for Quiet Title.[1]  Dkt. #8.  Defendant argues that the Court should dismiss this matter because (1) plaintiffs' failure to disclose their claims against defendant in their bankruptcy proceedings bars this lawsuit; (2) plaintiffs waived all equitable and injunctive relief by failing to restrain the trustee's foreclosure sale; (3) plaintiffs' disclosure-based claims are barred by the statute of limitations; (4) plaintiffs' claims sounding in fraud are legally flawed and lack the requisite particularity; (5) plaintiffs' civil rights claims fail as a matter of law; and (6) plaintiffs' vague allegations that the Washington Deed of Trust Act is unconstitutional are insufficient to overcome the presumption that an act of the Washington

---

[1]The Court re-noted this matter to March 18, 2011 to allow Washington's Attorney General time to respond to plaintiff's constitutional challenge. Dkt. #20. On March 2, 2011, the Attorney General notified the Court that he does not intend to intervene in this matter. Dkt. #29.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS

legislature is constitutional and valid.  Having reviewed the memoranda, request for judicial notice, exhibits and the record herein, the Court GRANTS defendant's motion on the grounds that plaintiffs' failure to disclose their claims against defendant in their bankruptcy proceeding bars this action.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the non-moving party.  Livid Holdings Ltd. v. Salomon Smith Barney, Inc., 416 F.3d 940, 946 (9th Cir. 2005).  The Court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. Wyler Summit P'ship v. Turner Broad. Sys., 135 F.3d 658, 661 (9th Cir. 1998).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Dismissal is inappropriate unless it appears beyond a doubt that plaintiff can prove no set of facts in support of the claim entitling him to relief.  Livid Holdings, 416 F.3d at 946.  This Court holds the pleadings of pro se complainants to less stringent standards than those of licensed attorneys.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, every complainant must demonstrate some claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

The Court generally may not consider material beyond the pleadings in ruling on a motion to dismiss.  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).  However, the Court may consider material properly submitted as part of the complaint, may consider documents whose contents are alleged in the complaint and whose authenticity is not questioned, and may take judicial notice of matters of public record without converting the motion to dismiss

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS                    -2-

1    to a motion for summary judgment.[2]  Id.

2          Defendant argues that plaintiffs lack standing to bring claims that are the exclusive

3    property of the bankruptcy estate and that plaintiffs are judicially estopped from asserting the

4    claims in the complaint.  Dkt. #8 at 7-8.

5          When plaintiffs filed a chapter 7 voluntary petition for bankruptcy relief on July 22, 2010,

6    an estate was created.  Dkt. #10 (RJN) No.6, Ex. F; In re Fitzsimmons, 725 F.2d 1208, 1210 (9th

7    Cir. 1984).  The scope of the estate is broad, and includes "all legal or equitable interests of the

8    debtor in property as of the commencement of the case."  11 U.S.C. §541(a)(1); In re

9    Fitzsimmons, 725 F.2d at 1210; see United States v. Whiting, 462 U.S. 198, 205 n.9 (1983)

10   (scope of property in estate includes causes of action).  Once a trustee for the bankruptcy estate

11   is appointed, "the debtor's assets and claims pass to the trustee, making the trustee 'the proper

12   party in interest.'"  In re Eisen, 31 F.3d 1447, 1451 n.2 (9th Cir. 1986).  The trustee is vested

13   with the debtor's causes of action, rendering the debtor with no standing.  Id.  Additionally,

14   claims that are not administered or abandoned remain the property of the estate forever.  11

15   U.S.C. §554; In re Associated Vintage Group, Inc., 283 B.R. 549, 566 n.14 (B.A.P. 9th Cir.

16   2002) ("Unscheduled property remains 'property of the estate' after the case is closed (i.e.

17   forever).").

18         Here, plaintiffs did not disclose any of the claims asserted in this matter on their

19   bankruptcy schedules.  Dkt. #10 (RJN), Ex. H.  These undisclosed assets have not been

20   administered or abandoned by the bankruptcy trustee, and therefore remain the sole property of

21   the bankruptcy estate.  11 U.S.C. §554(d); Sierra Switchboard Co. v. Westinghouse Elec. Corp.,

22   789 F.2d 705, 709 (9th Cir. 1986) (debtor's emotional distress claim which arose prior to

23   bankruptcy petition was property of bankruptcy estate).

24

25         [2]The Court grants defendant's request for judicial notice relating to the bankruptcy proceedings.

26   Dkt. #10 (RJN) Nos. 6-11, Exs. F-J.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS            -3-

1    Defendant also argues that judicial estoppel prevents plaintiff from taking a position in a

2    legal proceeding that is inconsistent with a position previously asserted in litigation.  Helfand v.

3    Gerson, 105 F.3d 530, 534 (9th Cir. 1997).  "In the bankruptcy context, a party is judicially

4    estopped from asserting a cause of action not raised in a reorganization plan or otherwise

5    mentioned in the debtor's schedules or disclosure statements."  Hamilton v. State Farm Fire &

6    Cas. Co., 270 F.3d 778, 783 (9th Cir. 2001); see Hay v. First Interstate Bank of Kalispell, N.A.,

7    978 F.2d 555, 557 (9th Cir.1992) (failure to give notice of potential cause of action in

8    bankruptcy schedules and disclosure statements estops debtor from prosecuting that cause of

9    action).  "Judicial estoppel will be imposed when the debtor has knowledge of enough facts to

10   know that a potential cause of action exists during the pendency of the bankruptcy, but fails to

11   amend his schedules or disclosure statements to identify the cause of action as a contingent

12   asset."  Hamilton, 270 F.3d at 784.

13       Here, plaintiffs did not list their causes of action against defendant on the bankruptcy

14   schedules, nor did they amend their schedules to identify the claims.  Plaintiffs' silence is

15   equivalent to an acknowledgment that they did not have a claim against defendant.  See Oneida

16   Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3d Cir. 1988).  The bankruptcy

17   court discharged plaintiffs' debt.  Dkt. #10 (RJN) No.11, Ex. J.  Plaintiffs later filed this action

18   alleging various claims.  Plaintiffs knew enough facts to know that potential causes of action

19   existed prior to filing the bankruptcy petition.  Accordingly, plaintiffs are estopped from

20   pursuing their claims against defendant.[3]

21       For all the foregoing reasons, the Court GRANTS defendant's motion to dismiss

22   plaintiffs' complaint with prejudice.

23

24   ─────────────────────

25       [3]Having found that plaintiffs lack standing and are estopped from asserting their claims against
26   defendant, the Court need not address defendant's remaining strong arguments.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS                    -4-

1    DATED this 4th day of March, 2011.

2

3                           _Mht S Lasnik_

4                           Robert S. Lasnik
                            United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS                    -5-